UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

SUMMARY CALENDAR
No. 01-10213

AZTECA ENTERPRISES, INC.,

Plaintiff-Appellant

v.

DALLAS AREA RAPID TRANSIT,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
(3:99-CV-281)

February 6, 2002

Before REYNALDO G. GARZA, SMITH, and PARKER, Circuit Judges

REYNALDO G. GARZA, Circuit Judge:[1]

I.

Dallas Area Rapid Transit ("DART"), in anticipation of the construction of its light-rail

transportation system, solicited bids from contractors for the manufacture of concrete crossties.

DART notified 102 contractors, more than forty of which were minority-owned businesses.

---

[1] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5..4.

Seven of the twenty-nine that responded to the notification were minority-owned. Azteca Enterprises, Inc. ("Azteca"), a minority-owned business, submitted the lowest bid of the twenty-nine, and DART's contract officer undertook to determine the responsibility of the contract. This determination required Azteca to submit proof of its Precast/Prestressed Concrete Institute ("PCI") certification and past experience. Azteca failed to submit proof either that it was PCI certified or that it had maintained continuous and regular production of concrete crossties. As a result, DART determined that Azteca was a non-responsive bidder and thus ineligible to be awarded the contract.

Following DART's responsibility review, the next lowest bidder, Rocla Concrete Tie, Inc. (Rocla), filed a protest contesting Azteca's low bid. After submitting proof of PCI certification and experience manufacturing concrete crossties, Rocla was awarded the contract.

On September 23, 1998, Azteca filed an administrative protest appealing DART's non-responsiveness determination. Following a hearing before Administrative Law Judge Peter Ting, Azteca's protest was denied and the non-responsiveness decision sustained.

In February 1999, Azteca filed suit in state court alleging (1) racial discrimination under color of law in violation of 42 U.S.C. § 1983; (2) racial discrimination in the formation of a contract in violation of 42 U.S.C. § 1981; (3) racial discrimination in violation of Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d); and (4) violation of due process under the Texas Constitution. Azteca also sought punitive damages.

The case was removed to the United States District Court for the Northern District of Texas, where the court, in response to DART's 12(b)(6) Motion to Dismiss, dismissed Azteca's §§ 1981 and 1983, state constitutional, and punitive damages claims after ruling that DART was

2

entitled to Eleventh Amendment sovereign immunity. DART then filed a Motion for Summary Judgment on the remaining Title VI claim. DART insists that Azteca is neither a beneficiary nor a participant in the federally assisted funding for construction of a light-rail system.

## II.

This court reviews a 12(b)(6) dismissals and grants of summary judgment *de novo* and does not give deference to the trial court. *See Green v. State Bar of Texas*, 27 F.3d 1083, 1086 (5thr Cir. 1994); *McDaniel v. Anheiser-Busch, Inc.*, 987 F.2d 298, 301 (1993). For dismissals, questions of fact are viewed in the light most favorable to the plaintiff and all well-pleaded facts are accepted as true. *See Green*, 27 F.3d at 1086. In regard to the summary judgment grant, this court must "review the evidence and inferences to be drawn therefrom in the light most favorable to the nonmoving party." Fed. R. Civ. P. 56(c). A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *McDaniel*, 987 F.2d at 301 (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). Summary judgment is appropriate when there is no genuine issue of material fact and only a question of law is presented. *See Deas v. River W., L.P.*, 152 F.3d 471, 475 (5th Cir. 1998).

## III.

To state a cause of action under Title VI, a plaintiff must allege that he is the "intended beneficiary of, an applicant for, or a participant in a federally funded program." *Jackson v. Katy*

*Indep. School Dist.*, 951 F.Supp. 1293, 1298 (S.D. Tex. 1996)(*citing Simpson v. Reynolds Metals, Co., Inc.*, 629 F.2d 1226, 1235 (7th. Cir. 1980). Azteca asserts that it is both an intended beneficiary and a participant in the DART's federally-funded light-rail construction project. We disagree.

It is difficult to see how a vender of crossties is more than indirectly related to DART's light-rail operations, and Azteca's unsupported claim that Title VI "was designed to cover this exact situation" is not persuasive. The intended beneficiaries of transit system are the commuters, rather than contractors or vendors. *See Miller v. Phelan*, 845 F.Supp. 1201, 1207 (N.D. Ill. 1993). Azteca fails to produce any support for its argument that it is an intended beneficiary of DART. Indeed, courts have tended to interpret "intended beneficiary" narrowly, and a consistent approach here precludes us from finding that Azteca qualifies as such. *See id.; Jackson, 951 F.Supp. at 1298* (holding that parents of students attending the school system could not sue on their own behalf because it was the students, rather than the parents, who were the intended beneficiaries);*United States v. Harris Methodist Fort Worth*, 970 F.2d 92, 97 (5th Cir. 1992)(holding that doctors are participants in a federally-funded hospital, but that this is not to say that all vendors of necessary supplies would be considered as such).

Azteca also fails to demonstrate that it was a participant in a federally-funded program. As Azteca admits, no contract was formed. Furthermore, not all vendors qualify as participants. *See Harris*, 970 F.2d at 97. There "must be some logical nexus between a person's 'participation' and the federally funded program in order for [Title VI] to apply." *See id*. at 97 n.3 (*citing Association Against Discrimination in Employment, Inc. v. City of Bridgeport*, 647 F.2d 256, 276 (2d. Cir. 1981)). Thus, even if there had been a contract in place, it would by no

means automatically qualify Azteca as a participant under Title VI. Azteca contends that its standing to sue DART under Title VI derives from past dealings with DART. Such dealings by themselves, however, are insufficient to cause us to view Azteca as a participant in a federally funded program. Azteca's relationship in the context of the federally funded program at issue is minimal; it was simply one of twenty-nine bidders for a contract. We find a logical nexus to DART's mission to be lacking. In *Harris*, we noted that it would be impossible for a hospital to function without doctors, and while the receipt of goods and services from other vendors may ultimately be necessary as well, these vendors are not as central to a hospital's mission as are doctors. *See Harris*, 970 F.2d at 97-98.

It is likewise difficult to classify Azteca as an applicant to a federally funded program. Azteca was not applying to receive the benefits of DART; the intended beneficiaries are the commuters that utilize the DART system. Similarly, if Azteca, as a bidding contractor, would not qualify as a participant even if a contract had been in place, Azteca could not be considered an applicant in that sense either.

We affirm the lower court's granting of DART's Motion for Summary Judgment.


IV.

Turning to Azteca's assertion that DART is not entitled to sovereign immunity on its §§ 1981 and 1983, state constitutional, and punitive damages claims, DART first argues that Azteca failed to properly preserve its argument against sovereign immunity. DART has previously argued this point unsuccessfully before this Court. In addressing DART's previous Motion to Dismiss for Lack of Jurisdiction, we noted that "courts construe a notice of appeal liberally to

5

avoid technical barriers to review." *Smith v. Barry*, 502 U.S. 244, 248 (1992). Additionally, in the Fifth Circuit, "an appeal from a final judgment sufficiently preserves all prior orders intertwined with the final judgment." *Trust Co. of Louisiana v. N.N.P., Inc.,* 104 F.3d 1478, 1485 (5th Cir. 1997); *Cates v. International Tel. & Tel. Corp.*, 756 F.2d 1161, 1173 n. 18 (5th Cir. 1985).

Azteca's Notice of Appeal stated that it was appealing the Court's Order and Judgment filed by the Court on January 12, 2001. DART maintains that this appeal reached only the Title VI claim and not the claims dismissed following DART's 12(b)(6) Motion in August. This January Order was the Court's final judgment, making it clear that Azteca was appealing the final judgment entered by the district court. Furthermore, this final judgment was predicated on having previously dismissed Azteca's §§ 1981 and 1983 claims in the August 4, 1999 Order. Thus, this August Order is sufficiently intertwined with the final judgment. As such, we will not now reconsider our denial of DART's Motion to Dismiss for Lack of Jurisdiction.

Azteca urges us to reverse the district court's ruling dismissing Azteca's claims under 42 U.S.C. §§ 1981 and 1983, the Texas Constitution, and for punitive damages after finding that DART is entitled to sovereign immunity under the Eleventh Amendment. Azteca points us to *Williams v. Dallas Area Rapid Transit*, 242 F.3d 315 (5th Cir. 2001), a recent age discrimination case in which we held that DART is not an arm of the State of Texas for purposes of the Eleventh Amendment and therefore not entitled to sovereign immunity. *See id*. at 319. DART, in its brief, argues that the case has been appealed to the U.S. Supreme Court and notes that both the Ninth and District of Columbia Circuits have held similar transit authorities to be arms of the state entitled to sovereign immunity.

Since the briefs in this case have been filed, however, the Supreme Court has denied certiorari, 122 S.Ct. 618 (2001), leaving any circuit split a moot point. Having previously ruled that DART is not entitled to Eleventh Amendment protection, there are no longer grounds left upon which to affirm the district court's dismissal of claims due to sovereign immunity.

Accordingly, the judgment of the lower court is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings not inconsistent with this opinion.